OPINION OF THE COURT
David B. Saxe, J.
The plaintiff, as mortgagee, sought and obtained a judgment *592 of foreclosure over unit 4C in the residential condominium located at 350 West 57th Street, New York, New York. This application by the board of managers of Parc Vendóme Condominium seeks amendment of the judgment so as to include a provision that (1) its lien for unpaid common charges, special assessments, legal fees and late fees in respect of the subject condominium unit be paid either out of the surplus proceeds of the foreclosure sale or by the purchaser of the unit, and (2) that it has priority with respect to the distribution of any surplus proceeds in any surplus money proceedings to be held following the sale.
The plaintiff mortgagee strenuously objects to any requirement that, in the event it finds that it must purchase the unit at the foreclosure sale, it be obligated to pay the condominium for unpaid common charges due and owing on the unit.
Both positions require analysis of Real Property Law § 339-z, which provides that "The board of managers * * * shall have a lien on each unit for the unpaid common charges thereof, together with interest thereon, prior to all other liens except only (i) liens for taxes on the unit * * * and (ii) all sums unpaid on a first mortgage of record * * *. Upon the sale or conveyance of a unit, such unpaid common charges shall be paid out of the sale proceeds or by the grantee.” (Emphasis added.)
The statute on the one hand affords the first mortgagee on a unit a lien superior to that of the condominium for unpaid common charges, and on the other hand requires any grantee to pay the condominium for those charges, without carving out any different treatment for purchasing mortgagees upon foreclosure sale. As a practical matter, as the plaintiff here points out, if it finds that it must purchase the unit at the foreclosure sale, the superiority of its lien is undermined by a requirement that it — as grantee — pay the unpaid common charges; in effect, in those circumstances it is as if the condominium is possessed of the superior lien.
Nothing in the wording of the statute supports the plaintiff’s interpretation that a first mortgagee taking title to a unit upon a mortgage foreclosure sale is not a "grantee” for purposes of Real Property Law § 339-z. I am in agreement with the court in East Riv. Sav. Bank v Saldivia (NYLJ, Oct. 11, 1989, at 21, col 4 [Sup Ct, NY County]): while the condominium’s interpretation of section 339-z creates a "hybrid” form of priority, it is the only interpretation which can give *593 effect to the words "or by the grantee” in that statute (supra, at 21, col 5).
Accordingly, the judgment may be amended so as to include a provision that the condominium’s lien for unpaid common charges on the unit in question shall be paid either out of the surplus proceeds of the foreclosure sale or, if those proceeds are insufficient, then by the purchaser of the unit.
Discerning no objection to insertion of a provision that the condominium be given priority with respect to the distribution of surplus proceeds in any surplus money proceedings to be held pursuant to RPAPL 1361 and 1362, that branch of the motion is also granted.